**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4640**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TRAVIS DENORRIS ARNOLD,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem.  Thomas D. Schroeder, District Judge.  (1:08-cr-00322-TDS-1)

─────────

Submitted:  April 22, 2010                Decided:  May 13, 2010

─────────

Before KING, DUNCAN, and AGEE, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following trial, a jury convicted Travis Denorris Arnold of bank robbery in violation of 18 U.S.C. § 2113(a) (2006). Arnold was sentenced as a career offender to 230 months' imprisonment. Arnold's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning the admission of certain evidence. Arnold has filed a pro se supplemental brief arguing: (1) his arrest was illegal and his subsequent confession was fruit of the poisonous tree; (2) his confession was involuntary; (3) he was denied the right to a speedy trial; (4) his indictment was defective; (5) his counsel was ineffective for failing to file a motion to suppress his confession; and (6) the testimony of Masear and Shulenberger was not credible. The Government has elected not to file an appellate brief. We affirm.

Counsel for Arnold asserts that the district court erred (1) in admitting the portion of Arnold's confession stating that wearing ski masks and kicking in doors is not Arnold's "MO"; (2) in allowing Detective Shulenberger to testify as to Shulenberger's understanding of the meaning of the term "MO"; and (3) in identifying Masear as a probation officer. He contends that these evidentiary rulings violated Fed. R. Evid. 404(b), and were unfairly prejudicial under Fed. R. Evid. 403.

2

We review evidentiary rulings for abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2009), petition for cert. filed, __ S. Ct. __, 78 U.S.L.W. 3341 (U.S. Nov. 23, 2009) (No. 09-617).

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of other crimes . . . is not admissible to prove the character of a person in order to show action in conformity therewith." The evidence may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, or knowledge. Basham, 561 F.3d at 326. "Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." Id. (internal citation and quotation marks omitted). Rule 403 of the Federal Rules of Evidence provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The damage that probative evidence can inflict on a defendant's case is no basis for excluding the evidence, however; only when the evidence results in unfair prejudice, such as an appeal to the jury's emotion, and that prejudice "substantially outweighs the probative value of the evidence," must it be excluded. Id. at 327. Where the jury is given a limiting instruction, any fear that the jury will improperly use the evidence subsides. United States v. Branch,

537 F.3d 328, 342 (4th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 943 (2009).

We find the district court did not abuse its discretion in admitting the disputed portion of Arnold's statement to police, or in allowing Detective Shulenberger to testify as to his understanding of the term "MO." This portion of Arnold's confession constituted an explanation of the planning and preparation of the bank robbery, and therefore was admissible under Rule 404(b). Further, there was no inordinate prejudice from its admission under Rule 403. As to Detective Shulenberger, Arnold contests his brief explanation that the term "modus operandi" can be used to describe "the way someone acts or evidence they leave behind when they commit a crime." This testimony was probative, in that it helped explain part of Arnold's confession, and was not unduly prejudicial. The district court gave a limiting instruction, directing the jury that it was not to assume the truth of the current charged conduct in light of any prior bad conduct. Therefore, the district court did not abuse its discretion in admitting this evidence.

The district court also strictly controlled the testimony of Masear, Arnold's probation officer for a prior offense. The district court instructed Masear outside the presence of the jury that she "should not indicate at any time

4

that [she is] a probation officer with respect to defendant in any way," although she could reveal that she worked as a probation officer. No reference was made during Masear's testimony to the fact that she was Arnold's probation officer. The district court instructed the jury: "You must not conclude from the fact that Ms. Masear is employed as a probation officer that the defendant may have committed a crime or engaged in any bad conduct in the past." Further, the district court repeated this warning in its final instructions to the jury. Therefore, the district court did not abuse its discretion in admitting the disputed evidence.

Arnold alleges in his pro se supplemental brief that his trial counsel was ineffective for failing to file a motion to suppress his confession on the bases that it was obtained as a result of an unlawful arrest and that it was involuntary. Because the record does not conclusively establish that counsel's performance in failing to file a motion to suppress Arnold's confession was deficient, this claim is not cognizable on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). We have reviewed the other issues raised in Arnold's pro se brief and find them without merit.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.

5

This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED